Filed 12/10/25  P. v. Martinez CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO


THE PEOPLE,

　　　　Plaintiff and Respondent,

v.

GLENN CASTRO MARTINEZ,

　　　　Defendant and Appellant.

E085113

(Super.Ct.No. RIF1202109)

OPINION


APPEAL from the Superior Court of Riverside County.  Scott P. Williams, Judge. Reversed and remanded with directions in part; affirmed in part.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Robin Urbanski and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.


1

# I.

## INTRODUCTION

During a resentencing proceeding under Penal Code section 1172.75,[1] the trial court resentenced defendant and appellant Glenn Castro Martinez to 22 years in prison, including 10 years for a gang enhancement under section 186.22. Defendant appeals his resentencing, arguing we must reverse and remand for a resentencing hearing without the gang enhancement or a new trial on the gang enhancement under Assembly Bill No. 333 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 699) that amended section 186.22 to impose new requirements for proving gang offenses and enhancements since defendant's plea agreement. The People agree that the trial court erred in failing to apply Assembly Bill No. 333 and thus the proper remedy is to remand to allow an opportunity for the prosecution to prove the new gang enhancement elements or defendant to readmit the gang enhancement.

In light of our Supreme Court's decision in *People v. Lopez* (2025) 17 Cal.5th 388 (*Lopez*), we agree the trial court should have applied Assembly Bill No. 333 during the resentencing proceeding because defendant's criminal judgment was no longer final following the recall and resentencing under section 1172.75. We therefore vacate the admitted gang enhancements and remand the case to the trial court for resentencing under

---

[1] All future statutory references are to the Penal Code.

2

Assembly Bill No. 333. On remand, the prosecution may retry defendant on the gang enhancement if it so chooses or defendant may admit the gang enhancements.[2]

## II.

## FACTUAL AND PROCEDURAL BACKGROUND[3]

On March 17, 2012, defendant entered a Shell gas station with a rifle and demanded money from the employee, to which she complied.

On March 25, 2012, a police officer was dispatched to a plumbing store regarding a robbery. Defendant robbed two employees at gunpoint and ordered them to go into the restroom. The weapon did not appear to be operational. A laptop computer was taken.

An officer testified at the preliminary hearing that in his opinion defendant was a "Darkside" gang member.

On August 27, 2012, pursuant to a negotiated disposition, defendant pled guilty to two counts of robbery (§ 211; counts 1 & 2), and admitted a gun use enhancement (§ 12022.53, subd. (b)) and gang enhancement (§ 186.22, subd. (b)) attached to each count. Defendant also admitted that he had suffered one prior prison term (§ 667.5, subd. (b))..) In return, defendant was sentenced to the stipulated total term of 24 years in state prison, consisting of the middle term of three years for the robbery in count 1, plus

---

[2] Because we agree with the parties, we need not address defendant's claim that his trial counsel was ineffective for failing to raise and argue the issue at the time of the resentencing hearing. In any event, it appears trial counsel raised the issue in defense's motion for resentencing. Hence, the trial court implicitly rejected the argument raised by counsel in the motion.

[3] The factual background is taken from defendant's pro per petition for resentencing.

10 years for the gun use enhancement and 10 years consecutive for the gang enhancement attached to count one, and one year for the prison prior. As to count two and its attendant enhancements, the trial court sentenced defendant to 23 years concurrent.

On September 15, 2023, at the first resentencing pursuant to section 1172.75, the parties stipulated that the trial court would strike the section 667.5 prison prior and agreed that defendant would have a full resentencing hearing at a later date. The trial court thereafter struck the prison prior and resentenced defendant to a total term of 23 years in prison.

On October 18, 2024, the trial court conducted the full resentencing hearing pursuant to section 1172.75. The court vacated defendant's original sentence and resentenced defendant to 22 years–the low term of two years for count one and consecutive 10 years each for the gang and gun use enhancements. The court again imposed concurrent terms for count two and its related enhancements. Defendant timely appealed.

## III.

## DISCUSSION

Defendant contends the trial court erred in failing to apply Assembly Bill No. 333 at his full resentencing hearing and thus the matter must be reversed and remanded for a resentencing hearing without the gang enhancement or a new trial on the gang enhancement as those enhancements were admitted under the former law prior to the amendments to section 186.22. The People agree.

In 2021, the Legislature enacted Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3) that added former section 1171.1, now renumbered as section 1172.75. (Stats. 2022, ch. 58, § 12.) (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379-380.) Section 1172.75 provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).) The statute also provides a process for recall of sentences rendered invalid by Senate Bill No. 483 and resentencing of affected defendants. (§ 1172.75, subd. (b).)

After verifying that a judgment contains a prior prison term enhancement that is no longer valid under section 1172.75, subdivision (a), a trial court "shall recall the sentence and resentence the defendant" to a lesser sentence than the one originally imposed, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. (§ 1172.75, subds. (c), (d)(1).) At resentencing, "[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

In this case, defendant's judgment contained an invalid prior prison term enhancement, and the trial court properly struck that enhancement under section 1172.75. The issue on appeal is whether the trial court erred during resentencing by not also

5

applying Assembly Bill No. 333, which changed the requirements for proving a gang enhancement like the one attached to counts one and two here.

Effective January 1, 2022, Assembly Bill No. 333 made several significant changes to subdivisions (e) and (f) of section 186.22. These substantive statutory changes apply retroactively to nonfinal judgments. (*People v. Tran* (2022) 13 Cal.5th 1169, 1206-1207; see *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) [if an ameliorative statute is silent regarding its retroactivity, a presumption exists that the Legislature intended the new law to apply as broadly as constitutionally permissible to all nonfinal cases].) Assembly Bill No. 333 also amended section 1109 that requires bifurcation of gang enhancement allegations and gang participation offenses upon a defendant's request. (§ 1109, subds. (a)-(b).) Our Supreme Court has held that section 1109 does not apply retroactively. (See *People v. Burgos* (2024) 16 Cal.5th 1, 8 [concluding the inference of retroactivity under *Estrada* did not extend to section 1109].)

As relevant here, Assembly Bill No. 333 substantively narrowed the definition of a "criminal street gang" to require that any gang be an "ongoing, organized association or group of three or more persons." (§ 186.22, subd. (f).) It also changed former subdivision (f)'s requirement that a gang's members "individually or collectively engage in" a pattern of criminal activity in order to constitute a "criminal street gang" to now require that any such pattern be "collectively engage[d] in" by members of the gang. (§ 186.22, subd. (f).) Assembly Bill No. 333 narrowed the definition of a "pattern of criminal activity" by requiring that (1) the last offense used to show a pattern of criminal

6

gang activity occurred within three years of the date that the currently charged offense is alleged to have been committed; (2) the offenses were committed by two or more gang "members," as opposed to just "persons"; (3) the offenses commonly benefitted a criminal street gang; and (4) the offenses establishing a pattern of gang activity must be ones other than the currently charged offense. (§ 186.22, subds. (e)(1), (2).) And it narrowed what it means for an offense to have commonly benefitted a street gang, requiring that any "common benefit" be "more than reputational." (§ 186.22, subd. (g).)

In *People v. Clark* (2024) 15 Cal.5th 743 (*Clark*), our Supreme Court resolved a conflict regarding the meaning of the collective engagement requirement in amended subdivisions (e) and (f) of section 186.22, rejecting the notion that each predicate offense had to be committed by two or more gang members acting together. (*Clark*, at pp. 749, 753-757.) To show collective engagement, our Supreme Court held that the prosecution must "link[ ] the two predicate offenses to the gang as an organized, collective enterprise." (*Id.* at p. 761.) That is, there must be "a connection, or nexus, between an offense committed by one or more gang members and the organization as a whole." (*Id.* at p. 762.) "This organizational nexus may be shown by evidence linking the predicate offenses to the gang's organizational structure, meaning its manner of governance; its primary activities; or its common goals and principles." (*Ibid.*)

The changes Assembly Bill No. 333 made to section 186.22 and *Clark*'s interpretation of the organizational nexus requirement under the statute as amended, effectively added new elements to the statute and altered the showing necessary to

7

establish gang offenses and allegations like the gang enhancement attached to counts one and two here. It is undisputed that the elements of the gang enhancement defendant admitted in 2012 attached to counts one and two are not the same elements currently required for a gang enhancement to be imposed pursuant to section 186.22.

Defendant contends that once the trial court recalled his sentence under section 1172.75, his judgment was no longer final, and the trial court was obligated to apply Assembly Bill No. 333 to the gang enhancements defendant admitted to. The People aptly agree. (See e.g., *In re A.M.* (2024) 102 Cal.App.5th 557, 569 [once the habeas court conditionally reversed the judgment in the case, the case was nonfinal and Assembly Bill No. 333's amendments to the gang-murder special circumstance applied]; *People v. Salgado* (2022) 82 Cal.App.5th 376, 380-381 [holding that Assembly Bill No. 333 applies during resentencing where sentence was recalled under § 1172.1]; *People v. Sek* (2022) 74 Cal.App.5th 664, 667 [holding that Assembly Bill No. 333 applied retroactively on resentencing].)

Recently, our Supreme Court determined the issue of whether a judgment, or part of it, becomes final for *Estrada* retroactivity purposes if an appellate court has affirmed a defendant's convictions but remanded the matter to address sentencing issues. (*Lopez*, *supra*, 17 Cal.5th at p. 392.) The court held the answer was "no," reasoning that "[a] criminal case is only reduced to a singular, final judgment following the conclusion of the entire criminal case or prosecution." (*Ibid*.) "Thus, a criminal case in which the sentence is not yet final, including one in which an appellate court has affirmed the conviction and

8

remanded for reconsideration of sentencing-related issues, is not final for purposes of *Estrada*, and the benefits of supervening ameliorative legislation apply retroactively." (*Lopez*, at pp. 392-393.) The fact that the remittitur reversed and remanded to correct a specific sentencing error was not determinative of whether the ameliorative benefits of Assembly Bill No. 333 applied retroactively to the defendant's case. (*Lopez*, at pp. 399-400.)

The *Estrada* finality inquiry, *Lopez* explained, " 'focuse[s] on whether the criminal prosecution or proceeding as a whole is complete." (*Lopez*, *supra*, 17 Cal.5th. at p. 392 citing *People v. Esquivel* (2021) 11 Cal.5th 671, 679.) For *Estrada* purposes, the "judgment" means the judgment of conviction and the sentence. (See *People v. McKenzie* (2020) 9 Cal.5th 40, 46 [in criminal matters, the terms judgment and sentence are generally considered " ' "synonymous" ' " and there can be no judgment of conviction without a sentence].) A "judgment" becomes final when the judgment of conviction is rendered, the availability of appeal is exhausted, and the time for petitioning for certiorari has expired. (*People v. Padilla* (2022) 13 Cal.5th 152, 162 (*Padilla*).) However, a judgment that was final at one point can become nonfinal when reopened. (*Id*. at pp. 161-162.)

Here, once the trial court determined defendant was entitled to be resentenced under section 1172.75 (§ 1172.75, subd. (c) [if the trial court determines a judgment includes an invalid prior prison term enhancement, "the court shall recall the sentence and resentence the defendant"]), the result was vacatur of the previously imposed

9

sentence, which reopened the finality of defendant's judgment. Under *Lopez*, defendant's case is no longer final for purposes of *Estrada* and he is entitled to retroactive application of Assembly Bill No. 333's substantive changes. (See *Auto Equity Sales, Inc. v. Superior Court of Santa Clara County* (1962) 57 Cal.2d 450, 455 [decisions of state Supreme Court "are binding upon and must be followed by all the state courts of California"].)

IV.

DISPOSITION

Defendant's admissions that he committed counts one and two for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) are vacated. The matter is remanded to provide the People an opportunity to retry the vacated gang enhancements in compliance with amended section 186.22 if defendant opts not to admit the gang enhancements as amended by Assembly Bill No. 333. The trial court shall then resentence defendant.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
Acting P. J.

We concur:


RAPHAEL
J.


MENETREZ
J.

10